UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| Darla A. Macik and Mel R. Macik, and Gladys Macik and Leo Macik<br>       Plaintiffs, | |
| vs. | REPORT AND RECOMMENDATION |
| Creditors Interchange Receivable Management, LLC, d/b/a Creditors Interchange, and Ms. Schafer, individually, | |
| Defendants. | Civ. No. 06-5136 (JMR/RLE) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The above-entitled matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B).

This matter was commenced on December 29, 2006, by the filing of a Complaint with the Clerk of Court.[1]  On May 7, 2007, it having appeared that one hundred and twenty (120) days had passed and the Defendant "Ms. Schafer" had not

---

[1]On June 11, 2007, this action was consolidated with a related action, Gladys Macik and Leo Macik v. Creditors Interchange Receivable Management, LLC, Civ. No. 07-77 (JMR/RLE).  See, Docket No. 29.

been served with the Complaint and Summons as required by Rule 4(m), Federal Rules of Civil Procedure, or alternatively, that the Plaintiffs had not filed a Return of Service, this Court issued an Order, which stated as follows:

> That the Plaintiffs are directed to show good cause, in writing, within twenty (20) days of this Order, for an extension of time in which service can be effectuated. In the absence of good cause shown, the Court shall Recommend that this action be dismissed for failure to effect proper service on the Defendant Ms. Schafer, and for failure of prosecution.

Docket No. 20.

On May 25, 2007, the Plaintiffs filed a letter with the Court, see, Docket No. 21, in which they represented that they had been unable to serve "Ms. Schafer" with the Summons and Complaint, as they did not have her current address and, further, they believed that the name "Ms. Schafer" was an alias.

The Plaintiffs stated that they were pursuing alternative means of determining Ms. Schafer's identity, and to obtain her address for service, and asked the Court for an extension of thirty (30) days in which to effect service. Over one (1) week has passed since the expiration of the extended deadline of June 25, 2007, by which to effect service on the Defendant "Ms. Schafer," and the Plaintiffs have failed to file a

notice of Service, and no Answer, or other responsive pleading, has been filed by the Defendant "Ms. Schafer."

The Plaintiffs have failed, or have been unable, to abide by the terms of our Order of May 7, 2007, and have additionally failed to meet the proposed deadline set out in their letter of May 25, 2007. Since we have previously warned the Plaintiffs of the potential consequences for their failure to abide by the Orders of this Court, we recommend that this action be dismissed, without prejudice, as to the Defendant "Ms. Schafer," for failure to comply with this Court's Order of May 7, 2007, and for lack of prosecution.

NOW THEREFORE, It is --

RECOMMENDED:

That this action be dismissed, without prejudice, as to the Defendant Ms. Schafer, for failure to comply with this Court's Order of May 7, 2007 and for lack of prosecution.

Dated: July 2, 2007         *s/Raymond L. Erickson*
                             Raymond L. Erickson
                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 19, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 19, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.